THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Leroy Deon Hemingway,       
Appellant.
 
 
 

Appeal From Horry County
James E. Brogdon, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-002
Submitted October 22, 2002  Filed January 
 6, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia, 
 for appellant.
Attorney General Charles M. Condon, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; & 
 Solicitor J. Gregory Hembree, of Conway, for respondent.
 
 
 

 PER CURIAM:  Affirmed pursuant 
 to Rule 220(b)(2), SCACR, and the following authorities: As to Issues I and 
 II: State v. Kelsey, 331 S.C. 50, 62, 502 S.E.2d 63, 69 (1998) (In reviewing 
 the denial of a motion for a directed verdict, the evidence must be viewed in 
 the light most favorable to the State, and if there is any direct evidence or 
 any substantial circumstantial evidence reasonably tending to prove the guilt 
 of the accused, an appellate court must find that the case was properly submitted 
 to the jury.  In ruling on a motion for a directed verdict, the trial court 
 is concerned with the existence of evidence, not its weight. (internal citations 
 omitted)); State v. Green, 350 S.C. 580, 585, 567 S.E.2d 505, 508 (Ct. 
 App. 2002) (A motion for directed verdict, therefore, contests the sufficiency 
 of the States properly admitted evidence.  On the other hand, the appropriate 
 vehicle for challenging the admissibility of evidence based on an alleged search 
 and seizure violation is a motion to suppress.); see State v. Ballenger, 
 322 S.C. 196, 200, 470 S.E.2d 851, 854 (1996) (holding there was sufficient 
 evidence of possession where defendant appeared to be involved in drug transaction, 
 fled from police, drugs were found on ground in location where defendant fell, 
 these drugs were not hidden, and no other people were in the area).
AFFIRMED. [1] 
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 [1] Because oral argument would not aid the Court in 
 resolving any issue on appeal, we decide this case without oral argument pursuant 
 to Rule 215, SCACR.